IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT G. W., JR.,[1]     3:18-cv-01984-BR

    Plaintiff,     OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

JAMES S. COON
SCOTT A. SELL
Thomas, Coon, Newton & Frost
820 S.W. 2nd Ave., Suite 200
Portland, OR  97204
(503) 228-5222

   Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────────

  [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3858

        Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Robert G. W., Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

On July 15, 2015, Plaintiff protectively filed his application for DIB benefits. Tr. 13, 177.[2] Plaintiff alleges a

---

[2] Citations to the official Transcript of Record (#12) filed by the Commissioner on March 29, 2019, are referred to as "Tr."

disability onset date of August 4, 2014.  Tr. 13, 177.
Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on September 6, 2017.  Tr. 34-68.  At the hearing
Plaintiff requested a closed period of disability from July 24,
2014, when he was injured, through August 10, 2016.  Tr. 38.
Plaintiff and a vocational expert (VE) testified at the hearing.
Plaintiff was represented by an attorney at the hearing.

On November 24, 2017, the ALJ issued a decision in which he
denied Plaintiff's allegation that he was disabled during the
closed period from July 24, 2014, to August 10, 2016, on the
ground that Plaintiff was not disabled at any time from his
alleged disability onset date, and, therefore, is not entitled
to benefits.  Tr. 13-28.

Plaintiff requested review by the Appeals Council.  On
October 3, 2018, the Appeals Council denied Plaintiff's request
to review the ALJ's decision, and the ALJ's decision became the
final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 15, 2018, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on December 16, 1969.  Tr. 27, 177.
Plaintiff was 44 years old on his alleged disability onset date.
Tr. 27.  Plaintiff has at least a high-school education.
Tr. 27.  Plaintiff has past relevant work experience as a
machinist.  Tr. 27.

Plaintiff alleges disability due to a spinal and low-back
injury, limited range of motion in his left arm and shoulder,
bipolar disorder, depression, Attention Deficit Disorder (ADD),
and carpel tunnel in both hands.  Tr. 70.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 20-25.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must
demonstrate his inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's

decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th

Cir. 2008). Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences

reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d

1047, 1051 (9th Cir. 2012). The court may not substitute its

judgment for that of the Commissioner. *Widmark v. Barnhart*, 454

F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial

gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See*

*also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.

2011).

At Step Two the claimant is not disabled if the

Commissioner determines the claimant does not have any medically

severe impairment or combination of impairments. 20 C.F.R.

§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at

724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since August 4, 2014, Plaintiff's alleged disability onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of "cervical, thoracic, and lumbar spine degenerative disc disease; cervical arthroplasty and bicep rupture following traumatic workplace injury; affective

disorder; anxiety disorder; personality disorder; obesity; obstructive sleep apnea; carpal tunnel syndrome moderate left hand, and mild right hand; and nasal issues." Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 16. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can occasionally climb ramps, stairs, ladders, ropes, and scaffold; can occasionally stoop, kneel, crouch, and crawl; can frequently reach overhead, "handle," and operate hand controls with both hands; can have occasional superficial interaction with the general public; and can perform simple routine tasks. Tr. 20.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work. Tr. 27.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as janitor and bench assembler. Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 28.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to

properly evaluate the medical opinions of Winifred Ju, Ph.D.,
and Irmgard Friedburg, Ph.D., reviewing psychologists, and
Slater Tai, M.D., Plaintiff's treating psychiatrist; and
(2) failed to provide germane reasons for rejecting the opinions
of Lucrecia Suarez, LCSW, a supervising therapist, and Alexandra
Cimpan, QMHP, a treating therapist.

## I. The ALJ did not err in his evaluation of the opinions of Drs. Ju, Friedburg, and Tai.

Plaintiff contends the ALJ failed to provide legitimate
reasons based on substantial evidence for rejecting the opinions
of Drs. Jun and Friedburg that "due to low tolerance for
frustration" Plaintiff will occasionally respond inappropriately
to changes at work and requires supported transitions and the
opinion of Dr. Tai that Plaintiff would be absent from work and
off-task during the closed period.

### A. Standards

"In disability benefits cases . . . physicians may
render medical, clinical opinions, or they may render opinions
on the ultimate issue of disability - the claimant's ability to
perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.
2014). "In conjunction with the relevant regulations, [courts]
have . . . developed standards that guide [the] analysis of an
ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc.*

*Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

## B. Analysis

### 1. Drs. Ju and Friedburg

On October 13, 2015, Dr. Ju, a state-agency consultant, concluded "[d]ue to low tolerance for frustration, [Plaintiff] will occasionally respond inappropriately to changes at work and requires supported transitions." Tr. 82. On

January 15, 2016, Dr. Friedburg, another state-agency consultant, reached the same conclusion. Tr. 99. Both doctors opined Plaintiff can sustain concentration and performance for simple, routine tasks; can perform activities within a schedule; can complete a normal workweek; and should not be required to work with the public. Tr. 81-82, 98-99.

The ALJ gave "moderate weight" to the opinions of Drs. Ju and Friedburg overall, but the ALJ did not adopt their opinions regarding minimal changes in the workplace on the ground that "it is inconsistent with [Plaintiff's] current work activities, which involve repairing boats and engines." Tr. 25.

Plaintiff, however, contends he was disabled only for the closed period of August 2014 through August 2016 and, therefore, contends his ability to return to work in April 2017 does not establish he was able to work during the closed period.

On September 30, 2015, Donna Wicher, Ph.D., performed a comprehensive psychodiagnostic evaluation of Plaintiff. Tr. 614-618. Dr. Wicher stated:

> [Plaintiff's] mild deficits in his ability to perform activities of daily living, moderate deficits in social functional, and moderate deficits in concentration, persistence, and pace represent the primary psychological barriers to returning him to full-time, sustained employment. Despite these limitations and difficulties,

> [Plaintiff] was able to work until his
> injury in July 2014. His psychological
> status does not appear to be significantly
> different now than it was when he was
> working.

Tr. 618. The ALJ gave "great weight" to Dr. Wicher's opinion.

Tr. 24. The ALJ noted Plaintiff told Dr. Wicher at the time of

his evaluation that he frequently rode motorcycles, attended AA

and NA meetings two or three times a week, drove a car, and

shopped for groceries. Tr. 23. The ALJ noted Plaintiff's

reports to Dr. Wicher were consistent with his statements in his

Adult Function Report on August 2015 that he took care of his

children three days per week, shopped in stores for groceries,

attended church meetings weekly, and attended AA meetings three

times per week. Tr. 19, 214-17.

Plaintiff does not challenge the ALJ's assessment

of Dr. Wicher's opinion, and, in any event, the ALJ adopted

several of Dr. Wicher's findings in his assessment of

Plaintiff's RFC. Tr. 24. Dr. Wicher's opinion, therefore,

constitutes substantial evidence in support of the ALJ's finding

that Plaintiff was not disabled during the closed period at

issue.

Accordingly, on this record the Court concludes

the ALJ did not err when he discounted the opinions of Drs. Ju

and Friedburg because the ALJ provided legally sufficient
reasons supported by substantial evidence in the record for
doing so.

### 2. Dr. Tai

On August 18, 2017, Dr. Tai opined Plaintiff's
"ability to interact with others and maintain concentration,
persistence, and pace independently, appropriately, effectively,
and on a sustained basis 'during the closed period' was always
limited and frequently seriously limited." Tr. 25. Dr. Tai
further opined from the time of Plaintiff's work injury on
July 24, 2014, to the time of his relative recovery in the
summer of 2016, Plaintiff's condition "would have caused him to
miss work at least two days per month on average and to be off
task at lest 20% of a fulltime work day." Tr. 1069.

The ALJ gave Dr. Tai's opinion "little weight" on
the grounds that it was "inconsistent with [Plaintiff's] current
work activities," was based on Plaintiff's "subjective
complaints rather than on objective medical evidence," and was

not supported by "the medical records as a whole." Tr. 26.[3] For example, the ALJ noted both Dr. Ju and Dr. Friedburg concluded in 2015 and 2016 that Plaintiff could perform activities within a schedule and complete a normal workweek without interruptions from any psychologically-based symptoms. Tr. 25, 81, 99. The ALJ also relied on Dr. Wicher's September 2015 opinion, which was during the alleged closed period of disability. Dr. Wincher found Plaintiff's psychological status at that time was not significantly different that it was when he was working in August 2014. Tr. 24, 618.

In addition, in October 2015 Neal Berner, M.D., a state-agency medical consultant, opined Plaintiff could occasionally lift/carry 20 pounds; could frequently lift/carry 10 pounds; could stand/walk for six hours total in an eight-hour day; and could sit for six hours in an eight-hour day. Tr. 79. In January 2016 Lloyd Wiggins, M.D., another state-agency medical consultant, reached the same conclusion. Tr. 96. The ALJ gave "moderate weight" to these opinions on the grounds that

---

[3] The Commissioner does not rely on the ALJ's statement that Dr. Tai "did not take into account the [Plaintiff's] abilities if he followed up with consistent treatment for his impairments." Def.'s Brief (#20) at 9 n.5.

these doctors had the benefit of reviewing medical records from several treating sources and had a "longitudinal picture" of Plaintiff's health. Tr. 24.

On this record the Court concludes the ALJ did not err when he discounted the opinion of Dr. Tai because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II. To the extent that the ALJ erred in his evaluation of the opinions of QMHP Cimpan and LCSW Suarez, the error was harmless.

Plaintiff contends the ALJ "ignored" the opinions of QMHP Cimpan and LCSW Suarez and did not provide germane reasons for doing so.

### A. Standards

Medical sources are divided into two categories: "acceptable medical sources" and "other sources." 20 C.F.R. §§ 416.913. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. §§ 416.913(a). Medical sources classified as "other sources" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors. 20 C.F.R. §§ 416.913(d).

With respect to "other sources," the Social Security

Administration Regulations provide:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not acceptable medical sources, such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed acceptable medical sources under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03p, at *3. Factors the ALJ should consider when determining the weight to give an opinion from those "important" sources include the length of time the source has known the claimant, the number of times and frequency that the source has seen the claimant, the consistency of the source's opinion with other evidence in the record, the relevance of the source's opinion, the quality of the source's explanation of his opinion, and the source's training and expertise. SSR 06-03p, at *4. On the basis of the particular facts and the above factors, the ALJ may assign a not-acceptable medical source either greater or lesser weight than that of an acceptable medical source. SSR 06-03p, at *5-6. The ALJ, however, must explain the weight assigned to such sources so that a claimant or subsequent

reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

"The ALJ may discount testimony from . . . 'other sources' if

the ALJ 'gives reasons germane to each witness for doing so.'"

*Molina*, 674 F.3d at 1111 (quoting *Turner v. Comm'r Soc. Sec.*

*Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

### B.  Analysis

QMHP Cimpan and LCSW Suarez were part of Plaintiff's

"treatment team" and joined in Dr. Tai's August 2017 opinion as

discussed previously.  Tr. 1068-69.

Although the ALJ did not separately address the

opinions of QMHP Cimpan and LCSW Suarez in his decision nor did

the ALJ specifically provide germane reasons for discounting the

opinions of QMHP Cimpan and LCSW Suarez, the Court concludes the

ALJ's error was harmless inasmuch as their opinions were the

same as Dr. Tai's opinion and the ALJ properly discounted

Dr. Tai's opinion.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of January, 2020.

_____
ANNA J. BROWN
United States Senior District Judge